UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL J. PALLADINO, as President of the NEW
YORK CITY DETECTIVES' ENDOWMENT
ASSOCIATION, INC., NEW YORK CITY
DETECTIVES' ENDOWMENT ASSOCIATION,
INC., EDWARD D. MULLINS, as President
of the SERGEANTS BENEVOLENT
ASSOCIATION of the CITY OF NEW YORK,
INC., SERGEANTS BENEVOLENT ASSOCIATION
OF THE CITY OF NEW YORK, INC., THOMAS
DROGAN, as President of the LIEUTENANTS
BENEVOLENT ASSOCIATION of the POLICE
DEPARTMENT of the CITY OF NEW YORK,
LIEUTENANTS BENEVOLENT ASSOCIATION
of the POLICE DEPARTMENT of the CITY OF
NEW YORK, JOHN DOE, JANE ROE and all
POLICE OFFICERS named herein and others
similarly situated,

**AFFIDAVIT IN SUPPORT
OF APPLICATION
FOR PRELIMINARY
INJUNCTION**

                      Plaintiffs,

-against-

THE CITY OF NEW YORK, the NEW YORK CITY
POLICE DEPARTMENT, and RAYMOND W. KELLY,
as COMMISSIONER of the NEW YORK CITY POLICE
DEPARTMENT,

                      Defendants.
------------------------------------------------------------------X

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF NEW YORK  )

      DANIEL RIVERA, being duly sworn, deposes and says:

      1.     I am a Detective employed by the New York City Police Department ("NYPD") having first gained employment on April 25, 1990 as a Police Officer. I was designated as a

1935493.1

Detective in March, 1999. I am assigned to the Bronx Warrant Division. As a member of the NYPD, I am fully-trained in the use of firearms as well as the use of force, and am familiar with the basic rules, regulations and operating procedures of the NYPD and the Patrol Guide, including the "Fitness for Duty" provisions. (See Exhibit "A" to the Verified Complaint.)

2. I submit this affidavit in support of the annexed Order to Show Cause and Verified Complaint seeking to prevent the NYPD from the continued implementation of the NYPD's September 30, 2007 Interim Order, Reference P.G. 212 Series No. 52, with the subject "Alcohol Testing for Uniformed Members of the Service Involved in Firearms Discharges Resulting in Injury to or Death of a Person" ("Interim Order"). See Exhibit "B" of the Complaint.

3. On October 3, 2007, along with Detectives William Gonzales and Thomas Murphy, I was involved in an investigation which resulted in a critical incident where I discharged my firearm. Since the suspect has been indicted and the case is pending, I will not give a personal detailed account of the incident. However, I acknowledge that an accurate accounting is contained in the accompanying affidavit of Michael J. Palladino, the President of the DEA.

4. After discharging my firearm, Detectives Gonzales, Murphy, and I were taken to the hospital. I sustained bullet fragments to my forehead and Detective Gonzales received wounds to his leg as the result of a bullet ricochet. At the hospital, although advised by many supervisors present of what an outstanding job we did, approximately a half-dozen representatives from the Internal Affairs Bureau guarded us like we were the suspects,

1935493.1

scrutinized our every move, prohibited us from having anything to drink even though we were parched.

After we passed the Breathalyzer test with a "0" reading, we were only then complimented by them for our outstanding police work. Notwithstanding that I "passed" the examination, the entire incident was dehumanizing, embarrassing, and stressful, particularly since I acted in the line-of-duty, pursuant to the training I received, as well as the rules, procedures and exemplary traditions of the NYPD.

5.  I believe that the imposition of the Interim Order to conduct a Breathalyzer test on me after the critical incident is a violation of my constitutional rights as is more fully set forth in the accompanying Verified Complaint. It is a suspicionless search that is needlessly performed in the face of the rules and procedures already in place when superior officers have reasonable suspicion that a Police Officer may be intoxicated. There is no lawful justification to conduct these searches without such reasonable suspicion. Moreover, the Interim Order is so vague as to be unconstitutional on its face. See plaintiff's Memorandum of Law.

WHEREFORE, your deponent requests the relief herein, the issuance of a preliminary injunction during the pendency of this action, to protect the sanctity of our constitutional rights and the further violation thereof, and for such other and further relief as the court deems just and proper.

_____
DANIEL RIVERA

Sworn to before me this
9th day of October, 2007

_____
Notary Public

CECIL MARTINEZ
Notary Public, State of New York
No. 01MA6046728
Qualified in Westchester County
Commission Expires Aug. 21, 20/0