UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    **07 CIV 9246 (GBD)(MHD)**
MICHAEL J. PALLADINO, as President of the NEW
YORK CITY DETECTIVES' ENDOWMENT
ASSOCIATION, INC., NEW YORK CITY
DETECTIVES' ENDOWMENT ASSOCIATION,
INC., EDWARD D. MULLINS, as President
of the SERGEANTS BENEVOLENT                                          **PLAINTIFFS' RULE**
ASSOCIATION of the CITY OF NEW YORK,                                 **56.1 STATEMENT OF**
INC., SERGEANTS BENEVOLENT ASSOCIATION                               **MATERIAL FACTS**
OF THE CITY OF NEW YORK, INC., THOMAS
DROGAN, as President of the LIEUTENANTS
BENEVOLENT ASSOCIATION of the POLICE
DEPARTMENT of the CITY OF NEW YORK,
LIEUTENANTS BENEVOLENT ASSOCIATION
of the POLICE DEPARTMENT of the CITY OF
NEW YORK, JOHN DOE, JANE ROE and all
POLICE OFFICERS named herein and others
similarly situated,

          Plaintiffs,

 -against-

THE CITY OF NEW YORK, the NEW YORK CITY
POLICE DEPARTMENT, and RAYMOND W. KELLY,
as COMMISSIONER of the NEW YORK CITY POLICE
DEPARTMENT,

          Defendants.
------------------------------------------------------------------X

  Plaintiffs, Michael J. Palladino, as President of the New York City Detectives' Endowment Association, Inc., New York City Detectives' Endowment Association, Inc., Edward D. Mullins, as President of the Sergeants Benevolent Association of the City of New York, Inc., Sergeants Benevolent Association of the City of New York, Inc., Thomas Frogan, as President of the Lieutenants Benevolent Association of the Police Department of the City of New York,

1949535.1

Lieutenants Benevolent Association of the Police Department of the City of New York, John Doe, Jane Roe and all police officers named herein and others similarly situated in this action, as and for their Rule 56.1 Statement of Material Facts, state that there are genuine issues to be tried with respect to the following material facts:

1. Plaintiff Michael J. Palladino is the President of the Detectives' Endowment Association, Inc. of the Police Department of the City of New York, Inc.

2. Plaintiff Detectives' Endowment Association of the Police Department, City of New York, Inc. is a municipal employee organization duly formed under the New York City Administrative Code and its members consist of all Detectives employed by the New York City Police Department.

3. Plaintiff Edward D. Mullins is the President of the Sergeants Benevolent Association of the City of New York, Inc.

4. Plaintiff Sergeants Benevolent Association of the City of New York, Inc., is a municipal employee organization duly formed under the New York City Administrative Code and its members consist of all Sergeants employed by the New York City Police Department.

5. Plaintiff Lieutenant Thomas Drogan is the President of the Lieutenants Benevolent Association of the Police Department of the City of New York, Inc.

6. Plaintiff the Lieutenants Benevolent Association of the City of New York, Inc. is a municipal employee organization duly formed under the New York City Administrative Code and its members consist of all Lieutenants employed by the New York City Police Department.

7. Defendant the City of New York, is a municipal corporation organized and existing pursuant to the laws of the State of New York and is a public employer under the New York City Administrative Code.

8. Defendant New York City Police Department is a Department within the City created by the New York City Charter and a municipal agency duly formed under the New York City Administrative Code.

9. Defendant Raymond W. Kelly as the Commissioner of the New York City Police Department is the head of the NYPD with overall responsibility for the operation of the Department consistent with law.

10. Jurisdiction and venue are proper.

11. Plaintiffs and their members are employed by the City as police officers in various capacities and all members are Uniformed Members of the Service subject to the rules and regulations promulgated by NYPD and the Commissioner.

12. The Uniformed Members of the Service are subject to the "Patrol Guide" which outlines the policies and procedures of Uniformed Members of the

1949535.1

Service.

13.     Patrol Guide Procedure No. 212-29, effective January 1, 2000, sets forth the procedures to be followed "[t]o record and evaluate incidents in which uniformed members of the service discharge firearms. Exhibit to the Declaration of Michael C. Axelrod, submitted herein ("Axelrod Decl."); Exhibit H to the Declaration of Charles V. Campisi, dated November 7, 2007 ("Campisi Decl.").

14.     Patrol Guide Procedure No. 203-06, effective January 1, 2000, sets forth "Performance on Duty -- Prohibited Conduct." Exhibit A to Verified Complaint.

15.     Patrol Guide Procedure No. 205-29, effective January 1, 2000, sets forth the procedures to be followed "[t]o randomly test uniformed members of the service in an effort to establish a credible deterrent to illegal drug/controlled substance usage." Exhibit E to Campisi Decl.

16.     Patrol Guide Procedure No. 205-30, effective January 1, 2000, sets forth the procedures to be followed "[t]o investigate and detect illegal drug use by members of the service (uniformed and civilian)." Exhibit D to Campisi Decl.

17.     Patrol Guide Procedure No. 212-53, effective January 1, 2000, sets forth "Command Responsibilities When A Person Dies or Sustains A Serious Injury In Connection With Police Activity." Exhibit to Axelrod Decl.; Exhibit I to Campisi Decl.

18. Patrol Guide Procedure No. 203-04, effective July 28, 2000, sets forth the "Fitness For Duty" provisions for Uniformed Members of the Service. Exhibit A to Verified Complaint; Exhibit B to Campisi Decl.

19. Patrol Guide Procedure No. 204-08, effective February 28, 2001, sets forth "Firearms General Regulations." Exhibit A to Verified Complaint; Exhibit F to Campisi Decl.

20. Interim Order No. 9, issued May 17, 2002, is a Department Policy Statement Concerning the Operation of a Motor Vehicle While Under the Influence of Alcohol. Exhibit C to Campisi Decl.

21. Patrol Guide Procedure No. 206-12, effective October 17, 2003, sets forth the procedures followed "[t]o determine if an on/off duty uniformed member of the service is unfit for duty due to intoxication." Exhibit to Axelrod Decl.; Exhibit G to Campisi Decl.

22. Report of an incident Under Patrol Guide 212-29 from Shooting Team Leader, SATCOM, Brooklyn North to Chief of Department, dated May 22, 2003. Exhibit J to Campisi Decl.

23. A press release was issued on Friday, June 18, 2007 by Commissioner Kelly wherein he announced undercover panel recommendations including mandatory alcohol testing in shootings with fatalities or injuries. Exhibit to Axelrod Decl.; Exhibit K to Campisi Decl.

1949535.1

24. The Interim Order, Reference P.G. 212 Series No. 52, issued September 30, 2007, set forth the procedures for "Alcohol Testing for Uniformed Members of the Service Involved in Firearms Discharges Resulting in Injury to or Death of a Person." Exhibit B to Verified Complaint; Exhibit A to Campisi Decl.

25. The Firearms and Tactics Section of the NYPD prepared and published a "2006 Firearms Discharge Report." Exhibit 4 to Axelrod Decl.

26. The Firearms and Tactics Section of the NYPD prepared and published a "2005 Firearms Discharge Report." Exhibit 5 to Axelrod Decl.

27. The Firearms and Tactics Section of the NYPD prepared and published a "2002 Firearms Discharge Report." Exhibit 6 to Axelrod Decl.

28. Uniformed Members of the Services are extensively trained in the use of firearms.

29. Uniformed Members of the Services are required to carry their firearms both on and off duty except as may otherwise be set forth in the Patrol Guide.

30. Uniformed Members of the Services are expected to be prepared to use firearms within the regular scope of their employment, even when they are out of uniform and/or are off-duty.

Dated:   East Meadow, New York
         November 29, 2007

1949535.1

CERTILMAN BALIN ADLER & HYMAN, LLP

By: _____
Candace Reid Gladston
Attorneys for Plaintiffs
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
516-296-7000
516-296-7111 (fax)
cgladston@certilmanbalin.com


To:   Michael A. Cardozo, Esq.
      Corporation Counsel of the City of New York
      Attorneys for Defendants
      100 Church Street, Room 2-187
      New York, New York 10007
      Attn: Alan M. Schlesinger, Esq.
      (212) 788-0952
      (212) 788-0940 (fax)
      aschlesi@law.nyc.gov

1949535.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of December, 2007, the foregoing **PLAINTIFFS' RULE 56.1 STATEMENT OF MATERIAL FACTS** was filed in <u>Michael Palladino, as President of the New York City Detectives' Endowment Association, Inc. et. al. v. The City of New York, et al.</u>, 07-CIV-9246, with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or Southern District's Local Rules, and/or the Southern District Rules on Electronic Service upon the following parties and participants:

TO: Michael A. Cardozo, Esq.
Attorneys for Defendants
Corporation Counsel of the City of New York
100 Church Street, Room 2-187
New York, New York 10007
Attn: Alan M. Schlesinger, Esq.
(212) 788-0303

_____
Candace Reid Gladston

1939660.1