UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MICHAEL J. PALLADINO, as President of the New York City Detectives' Endowment Association, Inc., et al.

                         Plaintiffs,

    -against-

THE CITY OF NEW YORK, et al.,

                         Defendants.

------------------------------------------------------------------- x

**DEFENDANTS' COUNTER RULE 56.1 STATEMENT**

07 Civ. 9246 (GBD)(MHD)

       Defendants, by their attorney, Michal A. Cardozo, Corporation Counsel of the City of New York, respond to Plaintiffs' Rule 56.1 Statement Of Material Facts, dated November 29, 2007, ("Plaintiffs' 56.1") as follows:

       1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1," of Plaintiffs' 56.1.

       2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2," of Plaintiffs' 56.1 except admit that the Detectives' Endowment Association ("DEA") represents employees of the City of New York ("City") serving in the title of Detective in the City's Police Department ("NYPD").

       3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3," of Plaintiffs' 56.1.

       4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4," of Plaintiffs' 56.1 Sergeants Benevolent Association ("SBA") represents employees of the City serving in the title of Sergeant in the NYPD.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5," of Plaintiffs' 56.1.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6," of Plaintiffs' 56.1 Lieutenants Benevolent Association ("LBA") represents employees of the City serving in the title of Lieutenant in the NYPD.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7," of Plaintiffs' 56.1 except admit that the City is a municipal corporation duly organized and existing under the Constitution and laws of the State of New York.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8," of Plaintiffs' 56.1 except admit that the NYPD is a City agency duly organized and existing under the City's Charter and Administrative Code.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9," of Plaintiffs' 56.1 except admit that Raymond W. Kelly is the City's Police Commissioner.

10. Paragraph "10," of Plaintiffs' 56.1 does not state facts but, rather, legal conclusion and, thus, does not require a response. To the extent that the Court finds that a response is required, defendants deny the allegations set forth in this paragraph.

11. Deny the allegations set forth in paragraph "11," of Plaintiffs' 56.1 except admit that City employees serving in the NYPD in the ranks of Police Officer through Deputy Chief, including the ranks of Police Office, Detective Sergeant, Lieutenant, and Captain are

commonly referred to as "Uniformed Members of the Service," ("UMOS") and that UMOS are subject to the rules and regulations of the City.

12. Deny the allegations set forth in paragraph "12," of Plaintiffs' 56.1 except admit that UMOS are subject to the Patrol Guide, which is promulgated by the NYPD.

13. Deny the allegations set forth in paragraph "13," of Plaintiffs' 56.1 and respectfully refer the Court to the cited Patrol Guide section for a complete and accurate statement of its contents.

14. Deny the allegations set forth in paragraph "14," of Plaintiffs' 56.1 and respectfully refer the Court to the cited Patrol Guide section for a complete and accurate statement of its contents.

15. Deny the allegations set forth in paragraph "15," of Plaintiffs' 56.1 and respectfully refer the Court to the cited Patrol Guide section for a complete and accurate statement of its contents.

16. Deny the allegations set forth in paragraph "16," of Plaintiffs' 56.1 and respectfully refer the Court to the cited Patrol Guide section for a complete and accurate statement of its contents.

17. Deny the allegations set forth in paragraph "17," of Plaintiffs' 56.1 and respectfully refer the Court to the cited Patrol Guide section for a complete and accurate statement of its contents.

18. Deny the allegations set forth in paragraph "18," of Plaintiffs' 56.1 and respectfully refer the Court to the cited Patrol Guide section for a complete and accurate statement of its contents.

19. Deny the allegations set forth in paragraph "19," of Plaintiffs' 56.1 and respectfully refer the Court to the cited Patrol Guide section for a complete and accurate statement of its contents.

20. Deny the allegations set forth in paragraph "20," of Plaintiffs' 56.1 and respectfully refer the Court to the cited Interim Order for a complete and accurate statement of its contents.

21. Deny the allegations set forth in paragraph "21," of Plaintiffs' 56.1 and respectfully refer the Court to the cited Patrol Guide section for a complete and accurate statement of its contents.

22. Paragraph "22," of Plaintiffs' 56.1 does not make any factual allegations. To the extent that it is found that this paragraph makes allegations, defendants deny the allegations and respectfully refer the Court to the cited report under PG 212-29 for a complete and accurate statement of its contents.

23. Deny the allegations set forth in paragraph "23," of Plaintiffs' 56.1 except admit that a press release was issued by the NYPD on June 18, 2007, and respectfully refer the Court to that Press Release, which is annexed to the Campisi Declaration as Exhibit "K," for a complete and accurate statement of its contents.

24. Deny the allegations set forth in paragraph "24," of Plaintiffs' 56.1 except admit that the NYPD issued Interim Order 52 ("IO 52") and respectfully refer the Court to a copy of IO 52 which is annexed to the Campisi Declaration as Exhibit "A," for a complete and accurate statement of its contents.

...

25. Deny the allegations set forth in paragraph "25," of Plaintiffs' 56.1 except admit that the NYPD issued a Firearms Discharge Report for 2006 and respectfully refer the Court to that Report for a complete and accurate statement of its contents.

26. Deny the allegations set forth in paragraph "26," of Plaintiffs' 56.1 except admit that the NYPD issued a Firearms Discharge Report for 2005 and respectfully refer the Court to that Report for a complete and accurate statement of its contents.

27. Deny the allegations set forth in paragraph "27," of Plaintiffs' 56.1 except admit that the NYPD issued a Firearms Discharge Report for 2002 and respectfully refer the Court to that Report for a complete and accurate statement of its contents.

28. Admit the allegations of paragraph "28," of Plaintiffs' 56.1.

29. Deny the allegations set forth in paragraph "29," of Plaintiffs' 56.1 except admit that UMOS are required to carry firearms in accordance with NYPD regulations.

30. Deny the allegations set forth in paragraph "30," of Plaintiffs' 56.1 except admit that UMOS are required to be prepared to use their firearms in accordance with all applicable Constitutional and statutory provisions and NYPD rules and regulations.

## DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

Pursuant to Local Rule 56.1 of this Court, defendants submit the following statement of material facts, which they contend raise no genuine issues that need to be tried:

31. The NYPD has about 35,000 uniformed members of the service, that is NYPD officers in all ranks, from Police Officer to Chief. All officers are empowered to make arrests. Most NYPD Officers are required to carry handguns and are authorized to use that firearm, if that becomes necessary in the course of the officer's duties. Declaration of Charles V. Campisi, sworn to November 7, 2007, ("Campisi Decl.") ¶ 3.

32. Due to the responsibilities and powers invested in each NYPD officer, the NYPD closely regulates and monitors its officers. Campisi Decl. ¶¶ 5-24, *passim.*

33. NYPD officers are subject to drug tests at a variety of times in their careers including at hiring, end of their probationary period, on entering a specialty assignment or at any time with reasonable suspicion. Campisi Decl. ¶¶ 14-18.

34. NYPD officers are also subject to random drug tests. Campisi Decl. ¶ 17.

35. Public confidence in the NYPD and its officers is critical to accomplishing the mission of the NYPD. Campisi Decl. ¶ 69.

36. The NYPD has promulgated numerous regulations, designed to combat the problem of alcohol abuse by uniformed members of the NYPD. Campisi Decl. ¶¶ 6, 7, 12.

37. NYPD officers are not permitted to carry firearms, either on or off duty, when there is a danger that they may become intoxicated. Id.

38. For decades the NYPD has maintained a Counseling Unit designed to assist NYPD officers who may have a problem with alcohol. See Declaration of Suzanne Gimblet, dated November 6, 2007, ("Gimblet Decl.") ¶ 1.

39. Despite these enormous efforts, some NYPD officers abuse alcohol. See Gimblet Decl. ¶¶ 6-9.

40. Despite these efforts, some NYPD officers have engaged in illegal and extremely risky, life threatening behavior, such as driving while under the influence of alcohol, or attempting or committing suicide. Campisi Decl. ¶ 21-23.

41. Firearms discharges by NYPD officers, which are not on the shooting range, are rigorously and carefully investigated by the NYPD. NYPD officers involved in a shooting come under intense scrutiny. Campisi Decl. ¶¶ 25-46.

42. On November 26, 2006, NYPD undercover operations ended in the shooting death of Sean Bell in Queens, New York and the wounding two of his companions. Campisi Decl. ¶ 47.

43. In the wake of this tragedy, questions were raised concerning NYPD undercover operations. A committee was formed by the NYPD to review undercover operations. Campisi Decl. ¶ 48-51.

44. There were newspaper reports that at least one NYPD officer involved in the shooting had been drinking alcohol prior to the shooting.

45. Although there is no final report yet, this committee issued 19 of its recommendations in June, 2007. Number 10 of the 19 recommended that breathalyzer tests be administered in the event of a shooting which results in injury or death to a person. Campisi Decl. ¶ 53.

46. On September 30, 2007, following the committee recommendation, the NYPD issued Interim Order 52 ("IO 52"), which requires breathalyzer tests for NYPD officers who are involved in a shooting in New York City which results in injury or death to a person. Campisi Decl. ¶ 54-56.

47. The breathalyzer test pursuant to IO 52 is automatic if NYPD officers are involved in a shooting in New York City which results in injury or death to a person. Id.

48. In addition to determining whether alcohol has been involved in a shooting, IO 52 is also meant to deter alcohol use during, and immediately prior to, the NYPD officer's tour of duty. Campisi Decl. ¶ 67.

49. The procedures of IO 52 are applicable even when there is little or no risk of criminal prosecution as long as there has been a shooting by an NYPD officer in New York

City and that has injured a person. For example, where an officer accidentally discharges the officer's weapon injuring the officer there is generally very little risk of criminal prosecution and yet 10 52 is to be followed in that situation. This situation is far from hypothetical. Indeed, there has been such an accidental discharge since IO 52 became effective and a breathalyzer was taken of that officer (who was not intoxicated). Campisi Decl. ¶ 58.

50. A breathalyzer test will not detect the presence of alcohol at the time of the shooting unless it is administered to the officer very soon thereafter. Campisi Decl. ¶ 58.

51. The breathalyzer test itself takes about 5 minutes to perform. Campisi Decl. ¶ 61.

52. IO 52 requires that the breathalyzer be administered in a way which minimizes any intrusion on the NYPD officer's privacy and which takes advantage of the NYPD's experience in administering breathalyzer tests. Campisi Decl. ¶¶ 59-61.

53. IO 52 serves the NYPD's interests in

- protecting the integrity of the NYPD,
- protecting the safety of the public and NYPD officers,
- deterring alcohol intoxication by NYPD officers who are carrying firearms,
- assuring the public that one of the most important and daunting powers of the police, the power to apply deadly force when necessary, is not being abused or used by officers who are under the influence of alcohol.

Campisi Decl. ¶ 70.

54. Any use of the results of the testing in criminal cases will be an added effect of IO 52 and is not its primary purpose. Campisi Decl. ¶ 70, and *passim*.

Dated:  New York, New York
        January 4, 2008

>                           **MICHAEL A. CARDOZO**
>                           Corporation Counsel of the
>                             City of New York
>                           Attorney for Defendants
>                           100 Church Street, Room 2-187
>                           New York, N.Y. 10007-2601
>                           (212) 788-0952
>                           aschlesi@law.nyc.gov
>
>                    By:    ECF               /s/
>                           Alan M. Schlesinger
>                           Assistant Corporation Counsel

To:  **CERTILMAN, BALIN, ADLER & HYMAN, LLP**
     Attorneys for Plaintiffs
     9th Floor
     90 Merrick Avenue
     East Meadow, NY 11554
     (516) 296-7000

07 Civ. 9246 (GBD)(MHD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL J. PALLADINO, as President of the New York City Detectives' Endowment Association, Inc., et al.,

Plaintiffs,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

**DEFENDANTS' COUNTER RULE 56.1 STATEMENT**

**MICHAEL A. CARDOZO**
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-187
New York, N.Y.  10007-2601

Of Counsel:  Alan M. Schlesinger
Tel:  (212) 788-0952

Matter No. 2007-031620

*Due and timely service is thereby admitted.*

New York, N.Y.  ........................................, 200 . . .

................................................................................

Attorney for................................................................